GULF, COLORADO & SANTA FE RAILWAY CO. v. STATE OF TEXAS.

Application No. 9055.   Decided January 12, 1916.

**Interstate Commerce—Railroad Commission—Passenger Trains.**

The Railroad Commission had authority under article 6676, Revised Statutes, to require a railway company to stop certain passenger trains operated

by it to receive and discharge passengers at a designated station, though same were through interstate trains, where other facilities furnished by the company for passenger traffic at that station were inadequate. (P. 545.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The State sued the Gulf, Colorado & Santa Fe Railway Company and recovered judgment for penalties for its failure to comply with an order of the Railroad Commission requiring it to stop certain of its passenger trains at Meridian, the county seat of Bosque County, and also obtained a mandatory injunction compelling its observance of such order. The judgment was affirmed on defendant's appeal and thereupon it applied for writ of error, the opinion following being delivered in refusing the writ.

*Terry, Cavin & Mills,* and *A. H. Culwell,* for petitioner.—The evidence in this case shows that the two trains in question were interstate in character, and put on primarily for the handling of through business, and the evidence further shows that the defendant, by the use of other trains, has provided adequate train service for the needs of the people at Meridian, and in view of this state of the case the order of the Railroad Commission herein sued upon was void, and was an interference with the interstate business of the defendant as guaranteed to it under the Constitution of the United States. Herndon v. C. R. I. & P. Ry., 218 U. S., 135; Atlantic Coast Lines v. Wharton, 207 U. S., 328; Illinois Central R. R. v. Illinois, 163 U. S., 142; C. C. C. & St. L. Ry. v. Illinois, 177 U. S., 514; Mississippi R. R. Commission v. Illinois Central, 203 U. S., 335.

*B. F. Looney,* Attorney General, and *Luther Nickels,* Assistant, for State, in Court of Civil Appeals.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The case concerns an order of the Railroad Commission, issued under the authority of article 6676, Revised Statutes, directing the plaintiff in error to stop certain of its trains at Meridian, the county seat of Bosque County, for a time sufficient to receive and let off passengers with safety, for the violation of which at the suit of the State penalties were adjudged against the company, such judgment being affirmed by the Court of Civil Appeals. 169 S. W., 385.

Conceding that the trains in question were interstate trains, it was found by the trial court, with the finding approved by the Court of Civil Appeals, that, independent of these trains, the railway facilities provided by the company for the service of the citizens of Meridian were not adequate. We are unable to say as a matter of law that that conclusion was unwarranted. The case therefore falls within the established holding that the State may require the stoppage of interstate

trains at a particular locality within its limits where the carrier has not otherwise provided proper and sufficient railway facilities for it.

The writ of error is refused.

*Writ of error refused.*